Joseph Jeziorkowski, Esq.
VALIANT LAW
2 Westchester Park Drive – Suite 205
White Plains, New York 10604
T. (914) 730-2422
F. (909) 677-2290
jjj@valiantlaw.com
*Co-counsel for Plaintiff*

Peter H. Cooper, Esq.
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Co-counsel for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NICOLAS ROMAN, *on behalf of himself and others similarly situated*, | Case No. 1:25-cv-87 |
| Plaintiff, | **FLSA COLLECTIVE ACTION COMPLAINT and RULE 23 CLASS ACTION** |
| -against- | |
| REMARKABLE FOODS HOSPITALITY LLC, dba WONDER RESTAURANTS, | ECF CASE |
| Defendants. | Jury Trial Demand |

---

Plaintiff, Nicolas Roman ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself and upon information and belief as to all other matters, by and through his undersigned attorneys, Cilenti & Cooper, PLLC and Valiant Law, respectfully files this Complaint against defendant, Remarkable Foods Hospitality LLC dba Wonder Restaurants, ("Wonder"), and states as follows:

**INTRODUCTION**

1.     This lawsuit relates to wage violations suffered by Plaintiff and other similarly situated employees at Wonder Restaurants, who are misclassified as exempt and denied overtime

compensation. For several years, Defendant Wonder has operated a lucrative and innovative restaurant concept known as "fast fine", utilizing its many in-store assistant "managers" as misclassified exempt / salaried crew members – robbing them of an enormous amount of hard-earned income without payment for overtime hours worked.

2.     Wonder failed to pay Plaintiff and similarly situated assistant managers, for all hours worked, consistently paying them a salary each week despite the number of hours they actually worked.

3.     While employed by Wonder, Plaintiff and other similarly situated assistant managers consistently work over 40 hours per week without receiving premium overtime pay for all the hours they worked. This was done according to Wonder policy to classify Assistant Managers as overtime-exempt employees.

4.     This is an action brought by Plaintiff on his own behalf, and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the New York Labor Law ("NYLL"), arising from Defendants' failure to pay non-exempt employees proper compensation, overtime compensation, "spread of hours" premiums, and timely wages.

4.     Due to violations of the FLSA, Plaintiff is entitled to recover from the Defendants: (1.) unpaid wages; (2.) overtime compensation; (3.) liquidated damages; (4.) prejudgment and post-judgment interest; and (5.) attorneys' fees and costs.

5.     Due to violations of the New York Labor Law, Plaintiff is entitled to recover from the Defendants: (1.) unpaid wages; (2.) overtime compensation; (3.) unpaid "spread of hours" premiums for each day he worked a shift in excess of ten (10) hours; (4.) statutory damages for untimely payment of wages; (5.) unpaid uniform maintenance compensation; (6.) liquidated

damages and civil penalties pursuant to the New York Labor Law and the New York State Wage

Theft Prevention Act; (7.) pre-judgment and post-judgment interest; and (8.) attorneys' fees and

costs.

6.     Plaintiffs bring the First Cause of Action on behalf of himself and the following

"Collective" pursuant to 29 U.S.C. § 216(b):

> All individuals who worked for Defendant in a salaried Assistant Manager position at any time since January 2021.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings the

Second through Sixth Causes of Action on behalf of himself, and all similarly situated "Class

Members," defined as follows:

> All individuals who worked for Defendant in a salaried Assistant Manager position within the State of New York at any time since January 2019 (the "Class").

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b),

28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law

claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391 because the conduct making up the basis of the complaint took place in this judicial district

and Defendants conducted business and reside in this district. Further, Plaintiff and similarly

situated employees' claims arise out of or relate to the Defendants' minimum contacts with the

forum state.

## THE PARTIES AND SUMMARY OF ALLEGATIONS

9.      Plaintiff Nicolas Roman is an adult individual who is a resident of Westchester County in the State of New York. Plaintiff was employed by Defendants at several locations, as an "Assistant Manager" but worked primarily as an ordinary crew member in various roles in the kitchen, including but not limited to, preparing food, accepting deliveries and stocking items, cleaning and other food preparation tasks.

10.     At all times relevant to this action, Plaintiff held the title "Assistant Manager". He did not hire, fire or discipline employees; he did not determine rates and methods of pay, timekeeping and payroll, he did not determine work schedules. The vast majority of Plaintiff's time was and is spent doing non-managerial tasks.

11.     At all times relevant, Plaintiff was and is a covered employee within the meaning of the FLSA and NYLL.

9.      Defendant, Remarkable Foods Hospitality LLC, doing business as Wonder Restaurants, is a Delaware limited liability company, doing business in the State of New York and other states, with dozens of locations in the New York Metropolitan area.

10.     Wonder Restaurants is a pioneer in an innovative fast-fine restaurant concept, bringing food items once only offered at iconic restaurant brands to a large scale customer base. Crew members including Plaintiff and others similarly situated, prepare food for eat-in, pick-up and delivery from as many as thirty (30) well established restaurant brands.

11.     During each of the six (6) most recent years, and prior thereto, Wonder, with corporate headquarters located at 4 World Trade Center, 150 Greenwich Street, 57th Floor, New York, NY 10007, continuously owned and operated a large and growing restaurant chain which

4

partners with other restaurants to serve and deliver food and drink products to the general public in a fast-fine model.

12.    Defendant Wonder is a take-out, delivery and eat-in "restaurant" within the meaning of the New York Labor Law.

13.    During all times relevant, Defendant has been Plaintiff's employer within the meaning of the FLSA and the NYLL.

14.    Upon information and belief, at all times relevant to the allegations in this Complaint, Wonder has been, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

15.    Plaintiff has been continuously employed by Defendant in New York County and Westchester County, New York, to work as an Assistant Manager for Defendant's restaurants known as Wonder from in or about March 21, 2024, through present.

16.    Plaintiff handled food products, beverages, cleaning products, supplies and other goods and currency which traveled interstate and internationally.

17.    At all relevant times to this action, the primary business of Wonder was the sale of food and drinks for consumption.

18.    Defendant knowingly and willfully operated and operates its business with a policy and practice of not paying overtime compensation to Plaintiff and other similarly situated employees.

19.    Defendant knowingly and willfully operated and operates its business with a policy and practice of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and supporting federal and New York State Department of Labor Regulations.

20.    Defendant knowingly and willfully operated and operates its business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premiums, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

21.    Defendant knowingly and willfully operated and operates its business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premiums, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

22.    Defendant knowingly and willfully operated and operates its business with a policy of not paying Plaintiff, and other similarly situated manual employees weekly, in violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

23.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

24.    At all relevant times Wonder was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

25.    At all relevant times, the work performed by Plaintiff and others similarly situated, was directly essential to the restaurant business operated by Wonder.

6

26.    Defendant engaged in violations of Federal and New York State wage and hour statutes and implementing regulations.

## STATEMENT OF FACTS

27.    Defendant Wonder hires employees to work as assistant managers who have no authority to direct or to participate in the management operations of the restaurant.

28.    At all relevant times, Plaintiff did not participate in the management functions of operation of the restaurant.

29.    During the course of his employment, Plaintiff worked in excess of forty (40) hours per week.

30.    During the course of his employment, Plaintiff often worked in excess of ten (10) hours per shift.

31.    Throughout the entirety of Plaintiff's employment, he was not paid proper overtime compensation.

32.    While employed as an Assistant Manager, Defendant scheduled Plaintiff to work five (5) nine-hour shifts per week.

33.    While employed as an Assistant Manager, Defendant also required, at times, Plaintiff to work a sixth or seventh shift per week.

34.    While employed as an Assistant Manager, Plaintiff was not able to take uninterrupted meal breaks exceeding 15 minutes.

35.    Plaintiff regularly had to work later than his scheduled shift.

36.    Plaintiff and other Assistant Managers could not fire employees.

37.    Plaintiff and other Assistant Managers never hired any Wonder employees.

7

38.     Plaintiff and other Assistant Managers followed the direction of and reported to General Managers.

39.     Plaintiff regularly worked over 40 hours a week.

40.     At all times while employed as a salaried Assistant Manager, Plaintiff was paid a bi-weekly salary.

41.     Plaintiff was never paid any additional wages for working over 40 hours a week. According to the paystub provided to Plaintiff, his salary was to pay him for eighty (80) hours (for two (2) weeks) of work at $33.89 an hour, but he always worked in excess of eighty (80) hours per pay period.

42.     Defendant failed to record Plaintiff's actual hours work and report the actual number of hours worked per week on his paystub.

43.     During those days in which Plaintiff and similarly situated employees worked shifts that exceeded ten (10) hours, which occurred regularly, Defendants failed to pay the "spread of hours" premium of one (1) hour's pay at the statutory minimum wage rate, in contravention of the New York Labor Law.

44.     Plaintiff and all others similarly situated were forced to work without compensation for some hours worked.

45.     Regardless of the number of hours Plaintiff worked, Defendant reported that Plaintiff's "Hours Worked" were 80, on his paystubs.

46.     While employed as an Assistant Manager, Plaintiff was entitled to receive overtime pay for all hours worked over 40.

47.     While employed as an Assistant Manager, Plaintiff was an "employee" as defined by 29 U.S.C. § 203(e)(1).

48.     While employed as an Assistant Manager, Plaintiff was an "employee" as defined by NYLL §§ 190(2), 651(5).

## COLLECTIVE ACTION ALLEGATIONS

49.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt similarly situated employees who have been or were employed by Defendant since January 2021 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

50.     As part of their regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the Collective Action Members.

51.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are hundreds such employees employed by Defendant at dozens of New York and Greater Metropolitan area locations at any given time, and hundreds or more Collective Action Members who worked for the Defendant during the Collective Action Period and did not receive the legally-required wages for all hours worked and legally required overtime premium payments for all hours worked in excess of forty (40) hours per week, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore,

Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

52.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

53.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

54.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

55.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members.  Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.   Whether the Defendant employed Plaintiff and Collective Action Members within the meaning of the FLSA;

b.   Whether the Defendant failed to keep true and accurate time and pay records for hours worked by Plaintiff and the Collective Action Members;

c.   What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

d.   Whether the Defendant failed to pay Plaintiff and Collective Action Members overtime compensation;

e.   Whether the Defendant failed to pay Plaintiff and Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.   Whether the Defendant failed to create and maintain adequate records of the pay received by Plaintiff and Collective Action Members in violation of federal and state law;

g.   Whether the Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA; and,

h.   Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

56.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

57.    Plaintiff and others similarly situated have been substantially damaged by the Defendant's wrongful conduct.

## CLASS ACTION ALLEGATIONS

58.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

59.     Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendant as Assistant Manager at any time since January 2019 to the entry of judgment in this case (the "Class Period") who were misclassified as exempt, within the meaning of the New York Labor Law and have not been paid and still are not paid overtime compensation, "spread of hours" premiums, or timely / weekly wages, in violation of the New York Labor Law (the "Class").

60.     Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Class consists of all "Assistant Managers" and is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims. Upon information and belief, there are hundreds and potentially thousands of Class Members.

61.     Plaintiff and the Class Members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Class Members.

62.    The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

63.    The Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

64.    Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

65.    Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective Action Members just as she would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

66.    Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments, and he understands that he may be called upon to testify in depositions and at trial.

67.    Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

13

68.     Plaintiff's claims are typical of those of the Class. Plaintiff and the Class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. Plaintiff's job duties are typical of those of the class members.

69.     This action is properly maintainable as a class action under Rule 23.

70.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a.   Whether the Defendant employed Plaintiff and Class members within the meaning of the New York Labor Law;

   b.   Whether the Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Class;

   c.   What proof of hours worked and pay received is sufficient where the employer fails in its duty to maintain wage and hour records;

   d.   Whether the Defendant failed to pay the Plaintiff and members of the Class proper overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

   e.   Whether Defendant failed to create and maintain adequate records of the pay received by Plaintiff and members of the Class and proper annual wage notices in violation of the New York Labor Law;

   f.   Whether Defendant failed to pay Plaintiff and members of the Class "spread of hours."

   g.   Whether Defendant failed to pay uniform cost and maintenance compensation;

h.   Whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

i.   Whether Plaintiff and the Class members were "manual workers" and entitled to be paid weekly under the law.

71.   Plaintiff and the Class Members contend that they are due overtime premiums under the FLSA and NYLL and were not provided accurate wage statements.

72.   Defendant's conduct was widespread, repeated, and consistent.

73.   Defendant's policy and pattern or practice includes but is not limited to:

a.   Misclassifying its Assistant Managers as exempt from the FLSA and the NYLL;

b.   Not recording all the time that its Assistant Managers worked for the benefit of Defendant;

c.   Not paying its employees overtime wages for the hours that they worked in excess of 40 per workweek; and

d.   Not reporting all the time that its Assistant Managers worked to obfuscate their unlawful overtime policy.

74.   Regardless of the location at which Plaintiffs and Class Members worked for Defendant, Defendant's policies and practices remained substantially the same.

## STATEMENT OF CLAIM

### COUNT I
### [Failure to Pay Overtime - Fair Labor Standards Act]

75.   Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

76.     At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

77.     At all relevant times, Defendant employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

78.     Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

79.     Plaintiff and the Collective Action Members worked hours for which they were not paid any wages.

80.     Defendant had, and continues to have, a policy and practice of refusing to pay the wages to Plaintiff, and the Collective Action Members for hours worked beyond forty (40) each week.

81.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

82.     Defendant failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

83.     At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work

16

week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

84.    Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and the Collective Action Members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff and the Collective Action Members.

85.    As a result of the Defendant's failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendant failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

86.    As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

87.    Due to the unlawful acts of the Defendant, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

88.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Failure to Pay Wages and Overtime - New York Labor Law]

89.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in preceding paragraphs of this Complaint as if fully set forth herein.

90.    At all relevant times, Defendant employed Plaintiff, Collective Action Members, and members of the Class within the meaning of New York Labor Law §§ 2 and 651.

91.    Defendant knowingly and willfully violated the rights of Plaintiff, Collective Action Members, and members of the Class by failing to pay them compensation for all hours worked.

92.    Plaintiff, Collective Action Members and Class members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of forty (40) per workweek.

93.    Defendants failed to pay Plaintiff, Collective Action Members and Class members overtime compensation in the lawful amount for all hours worked in excess of forty (40) per week in contravention of the New York Labor Law.

94.    At all relevant times, Defendant had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, Collective Action Members and Class members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the New York Labor Law.

95.    Defendant knowingly and willfully disregarded the provisions of the New York Labor Law as evidenced by its failure to compensate Plaintiff, Collective Action Members and Class members at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and Class members.

96.    Due to the Defendant's New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid compensation, unpaid minimum

wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

## COUNT III
### [Failure to Pay "Spread of Hours" - New York Labor Law]

97.     Plaintiff alleges and re-avers each and every allegation and statement contained in preceding paragraphs of this Complaint as if fully set forth herein.

98.     At all times relevant, Plaintiff and the Class have been employees of Defendant, and Defendant has been the employer of Plaintiff and the Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

99.     Defendant failed to pay Plaintiff and the Class compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than ten (10) hours.

100.    Defendant failed to pay Plaintiff and the Class the spread of hours compensation to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

101.    Due to the Defendant's New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendant their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

## COUNT IV
### [Uniform Cost and Maintenance Pay - New York Labor Law]

102.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraph of this Complaint as if fully set forth herein.

19

103.    Defendant required Plaintiff and the Class to maintain, at their own cost, a specific uniform consisting of a unique coat, shirts and pants, which Plaintiff and the Class would not otherwise have purchased, and did not, and could not, utilize this required uniform as part of their wardrobe outside of work.

104.    Defendant did not launder, or offer to launder, these uniforms for employees or provide employees with any employer-provided service to clean the uniforms.  Rather, Plaintiff and other employees were required to wash and iron their uniforms daily and at their own cost.

105.    Plaintiff and the Class's uniforms were issued by Defendant for the expressed benefit of Defendants, and it was a condition of their employment to wear them during each shift.

106.    Defendant never paid Plaintiff or the Class any uniform maintenance pay or reimbursement for the cost of purchasing and maintaining uniforms in violation of 12 NYCRR §§ 146-1.7 and 1.8.

107.    Plaintiff and the Class routinely spent money, and time working, to clean and maintain their uniforms consistent with the uniform appearance standards Defendant required.

108.    Defendants' conduct is in violation of Article 19 of the New York Labor Law and its supporting regulations, including 12 NYCRR § 146 of the Hospitality Minimum Wage Order and Plaintiff and the Class are entitled to all damages available under the law, including but not limited to, the cost of uniform maintenance, all hours worked and unpaid wages, liquidated damages, interest attorney's fees and costs.

## COUNT V
### [Failure to Provide Proper Wage Notices - New York Labor Law]

109.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

110.    Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, overtime due.

111.    Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete wage notices, and payroll records.

112.    Plaintiff and the Class were not provided with a proper, written wage notice, and not provided with annual wage notices, as required by law. NYLL § 195(1).

113.    Defendant's failure to provide an accurate annual wage notice entitles Plaintiff and the Class each to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

114.    Defendant failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations §§ 137-2.1; 146-2.1.

115.    Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## COUNT VI
### [Violation of New York Labor Law – Failure to Pay Timely Wages]

116.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in all preceding paragraphs of this Complaint as if fully set forth herein.

117.    The timely payment of wages provision of New York Labor Law § 191 and its supporting.

118.    Defendant is an employer within the meaning of New York Labor Law §§ 190 and 651.

119.    Further, Plaintiff and others similarly situated, are "manual workers" within the meaning of New York Labor Law § 190(4).

120.    As manual workers, Defendant was required to pay Plaintiff "not later than seven days after the end of the week in which the wages are earned" as required by New York Labor Law § 191(1)(a)(i).

121.    During Plaintiff's employment, over twenty-five percent (25%) of Plaintiff's duties were physical tasks, including but not limited to, lifting and carrier items used for Defendants' services, cooking and preparing food, cleaning, arranging inventory and supplies, wiping down workstations, and standing for long periods of time.

122.    With Defendant paying Plaintiff every fourteen (14) days, Defendant did not pay Plaintiff for the first seven (7) days they worked during each pay period within seven (7) days after the end of the week in which the wages were earned. Plaintiff did not agree to be paid every fourteen (14) days.

123.    Defendant failed to pay Plaintiff and the Class on a timely basis as required by New York Labor Law § 191(1)(a).

124.    Due to Defendant's violations of the New York Labor Law, Plaintiff and the Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, pre-judgment and post-judgment interest as provided for by New York Labor Law § 198.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff Nicolas Roman, on behalf of himself and all similarly situated Collective Action Members and Class, respectfully requests that this Court grant the following relief:

(a)     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Collective Action Members who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Wonder as an Assistant Manager. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

(b)     An award of unpaid wages and overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendant's failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendant's failure to pay minimum wages, overtime compensation, and "spread of hours" premiums and timely wages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of civil penalties pursuant to the notice provisions of the New York State Wage Theft Prevention Act;

23

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees;

(i)     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure; and,

(j)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands trial by jury on all issues.

Dated:  New York, New York
        January 3, 2025

Respectfully submitted,

CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone: (212) 209-3933
Facsimile: (212) 209-7102
*Co-counsel for Plaintiff*

By:     */s/ Peter Hans Cooper*
        _____
        Peter Hans Cooper, Esq.


VALIANT LAW
2 Westchester Park Drive – Suite 205
White Plains, New York 10604
Telephone: (914) 730-2422
Facsimile: (909) 677-2290
*Co-counsel for Plaintiff*

By:     */s/ Joseph Jeziorkowski*
        _____
        Joseph Jeziorkowski, Esq.

24



**Joseph Jeziorkowski** | Partner
2 Westchester Park Dr. Ste. 205 | White Plains, NY 10604
Main 914.730.2422 | Fax 909.677.2290
JJJ@valiantlaw.com | www.valiantlaw.com

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

### RE:    *Nicolas Roman v. Remarkable Foods Hospitality, LLC.*

I, Nicolas Roman, am an individual currently employed by Remarkable Foods Hospitality, LLC. I consent to be the plaintiff in the above-captioned action to collect unpaid wages and overtime compensation, and other damages.

Dated: December 3, 2024
          White Plains, New York

DocuSigned by:

*Nicolas Roman*
3A9DD575E8794BF...
_____

Nicolas Roman