

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York 10018

**T** (212) 218-5500

**F** (212) 218-5526

kwinnick@seyfarth.com

T (212) 218-5510

www.seyfarth.com

May 7, 2026

**VIA ECF**

Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl St.
Court Room 14A
New York, NY 10007

*Re:*    *Roman et al. v. Remarkable Foods Hospitality LLC,* No. 1:25-cv-00087-JGK

Dear Judge Koeltl:

Plaintiff Nicolas Roman ("Plaintiff" or "Roman") and Defendant Remarkable Foods Hospitality ("Defendant" or "Wonder") jointly submit this letter to supplement their April 2, 2026 submission (ECF No. 18) and to address the reasonableness of the general release contained in the parties' settlement agreement (ECF No. 18-1).

## Supplemental Argument

The general release in the Settlement Agreement is fair and reasonable for multiple, independently sufficient reasons.

*First*, "there is nothing inherently unfair about a [general] release of claims in an FLSA settlement." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving general release of FLSA and non-FLSA claims because "the Court is satisfied that the Settlement, including the release of non-FLSA claims, was the fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel").

This is especially true where, as here, the settlement payment exceeds what is likely recoverable on Plaintiff's FLSA claim, because "[t]here is no concern that the employer . . . withheld the wages Plaintiff was due to extract a general release." *Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *6 (S.D.N.Y. July 17, 2020) (approving general release in FLSA settlement); *see also Feliz v. Parkoff Operating Corp.*, 2018 WL 1581991, at *3 (S.D.N.Y. Mar. 27, 2018) (approving general release in FLSA settlement where portion of settlement allocated to non-FLSA claims).

Plaintiff's FLSA claim turns on whether he was properly classified as exempt from overtime. Plaintiff has conceded that, at all relevant times, he was properly classified as exempt. (*See* Ex. A to ECF No. 18-1 ¶¶ 2-22, 26.) His FLSA claims are therefore worth $0.

Indeed, even if Plaintiff could somehow retract his sworn testimony (thereby severely undermining his credibility), his FLSA damages would be de minimis. Plaintiff worked, on average, 45 hours per workweek and took an uninterrupted lunch break of at least 30 minutes each



workday.[1] His damages would therefore be limited, at most, to 2.5 hours per week of unpaid overtime premium, totaling approximately $3,500 in unpaid overtime. Yet under the Settlement Agreement, Plaintiff is receiving nearly twice that amount.

Wonder is therefore *overcompensating* Plaintiff in exchange for a release of claims extending beyond his FLSA claim.

*Second*, a "general release . . . with former employees who have no ongoing relationship with the employer makes sense in order to bring complete closure." *Souza v. 65 St. Marks Bistro*, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015) (approving FLSA settlement with general release). In addition, where the plaintiff "is no longer an employee of the defendant[]," there is a "[reduced] danger that the release was obtained through improper job-related pressure." *Cionca v. Interactive Realty, LLC*, 2016 WL 3440554, at *4 (S.D.N.Y. June 10, 2016).

Here, Plaintiff is no longer employed by Wonder. Complete closure therefore makes sense, and there is no risk that Wonder exercised job-related pressure.

*Third*, Plaintiff was represented by counsel at all relevant times. *See Lola*, 2016 WL 922223, at *2 (finding this favored approving FLSA settlement with general release); *see also Vasquez v. Pupuseria Salvadorena, Inc.*, 2025 WL 3085584, at *1 (S.D.N.Y. Nov. 5, 2025) (approving general release in FLSA settlement and noting that "Plaintiffs are represented by counsel and no longer employed by Defendants").

This case therefore stands in sharp contrast to cases in which courts have declined to approve FLSA settlements containing broad releases due to concerns about employer overreach. In particular, courts reject general releases where there is a genuine concern that an employer is using the "*partial payment of wages allegedly required by the statute*" to erase all liability, *see, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015), or is leveraging the "unequal bargaining power between employees and employers." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016).

Neither concern applies here. Plaintiff is not receiving partial payment of his FLSA claims; he has conceded that he has no FLSA claim at all. (*See* Ex. A to ECF No. 18-1.) He is therefore receiving more than adequate consideration to release his FLSA claims, as well as any other potential claims.

Moreover, there was no unequal bargaining power between Plaintiff and Wonder. Both parties were represented by experienced counsel who vigorously advocated on their behalf and reached a settlement following arm's-length negotiations. As one court explained in approving a general release in an FLSA settlement:

> If an FLSA plaintiff is represented by counsel, it is hard to understand how a general release would confer an unevaluated and uncompensated benefit to the employer if, to justify the settlement, a lawyer has to represent to the court that the lawyer has explored other potential claims with the employee and the employee, with counsel's aid, can identify no additional basis to sue the employer and also

---

[1] Uninterrupted meal breaks of at least 30 minutes are generally considered non-compensable time. *See* 29 C.F.R. § 785.19(a).



acknowledges that she is forfeiting any claims currently unknown to her. At this point, the issue is certainly evaluated and while it is uncompensated, it is only because there is nothing to compensate.

*Souza*, 2015 WL 7271747, at *7.

The same reasoning applies here. As Plaintiff's counsel represented at the May 6 hearing, he does not anticipate that Plaintiff has any additional claims. Accordingly, Plaintiff is not surrendering anything of value by agreeing to a general release.

By contrast, Wonder is overcompensating Plaintiff in exchange for a general release. Without a general release, Wonder would not receive the benefit of its bargain—and, it would make little sense for Wonder to agree to the Settlement Agreement at all.

In short, under the facts presented here—and unlike the cases refusing approval—courts routinely approve FLSA settlements containing general releases. *See, e.g.*, *Chun Lan Guan v. Long Is. Bus. Institute, Inc.*, 2020 WL 1289517, at *3 (E.D.N.Y. Mar. 18, 2020); *Strauss*, 2020 WL 4041511, at *6; *Lola*, 2016 WL 922223, at *2; *Souza*, 2015 WL 7271747, at *7.

\*      \*      \*

For all the above reasons, the Parties submit that the Settlement is fair and reasonable. We thank the Court for its attention to this matter.

Respectfully submitted,

**SEYFARTH SHAW LLP**

*/s/ Kyle D. Winnick*
Kyle D. Winnick
620 Eighth Avenue, 32nd Floor
New York, New York 10018
T: (212) 218-5500
E: kwinnick@seyfarth.com

Attorneys for Defendant Wonder

cc: All Counsel of Record (via ECF)

**SO ORDERED**

_____
HON. JOHN G. KOELTL, USDJ

Dated: May __, 2026