*For the reasons stated in this letter and the letter dated May 7, 2026 (ECF No. 22), the Court finds that the proposed settlement of this case is fair and reasonable and adequate including the provision of attorney's fees. The Court has therefore approved this letter as well as the Stipulation of Dismissal with Prejudice (ECF. No. 16). The Clerk is requested to lift the stay of this action and to dismiss this action in accordance with the Stipulation. The Clerk is also requested to close any open items on the docket. So ordered.*

*5/9/26    John G. Koeltl (U.S.D.J.)*

April 2, 2026

**VIA ECF**

Hon. John G. Koeltl
United States District Court
Southern District of New York
500 Pearl St.
Court Room 14A
New York, NY 10007

Re:    *Roman et al. v. Remarkable Foods Hospitality LLC*, No. 1:25-cv-00087-JGK

Dear Judge Koeltl:

Plaintiff Nicolas Roman ("Plaintiff" or "Roman") and Defendant Remarkable Foods Hospitality ("Defendant" or "Wonder") jointly write pursuant to the Court's March 19, 2026 Order directing the parties to "advise the Court by letter whether they have reached a settlement in this action" and if they have, "explain why they believe the settlement is fair." (ECF No. 17.) The parties have reached a settlement, the agreement for which is attached hereto as Exhibit 1 (the "Settlement"). As explained below, the Settlement is fair and reasonable.

### Procedural History

On January 3, 2025, Plaintiff filed this action alleging that he was misclassified as exempt from overtime under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). He also asserted various derivative wage-and-hour claims under the NYLL, all of which are contingent upon a finding that he was misclassified as exempt.

On February 11, 2025, pursuant to the arbitration agreement Plaintiff signed with Wonder, the parties filed a joint stipulation agreeing to arbitration on a single-claimant basis. (ECF No. 6.) On February 26, 2025, this Court stayed proceeding pending resolution of arbitration, and the parties proceeded to arbitration before JAMS in April 2025. (ECF No. 12.)

### Factual Background

Plaintiff began working for Wonder in April 2024 as an Assistant Operations Leader at one of Wonder's High Definition Restaurants ("HDR") in Larchmont, New York. Wonder classified Plaintiff as an exempt employee under the Executive Exemption. *See* 29 C.F.R. Part 541, Subpart B.

Case 1:25-cv-00087-JGK   Document 18   Filed 04/02/26   Page 2 of 5

Hon. John G. Koeltl
April 2, 2026
Page 2

During the arbitration, the parties engaged in robust discovery, including exchanging document requests and interrogatories and producing hundreds of pages of documents, including electronically stored information. The discovery established that Wonder had strong defenses: namely, that Mr. Roman was, at all times, properly classified as exempt from overtime.

Indeed, following discovery, Plaintiff executed a notarized affidavit acknowledging that he was properly classified as exempt from overtime under the FLSA and NYLL. Among other things, Plaintiff agreed under oath that his job primarily involved managing the Larchmont HDR and its employees, including performing the following:

- Developing, engaging, inspiring, and motivating Team Members, such as Cooks, Porters, and Brand Ambassadors.

- Recruiting and training Team Members.

- Assisting the Senior Operations Leader in achieving operational goals and budget targets.

- Scheduling Team Members for their shifts.

- Optimizing staff deployment for maximum efficiency.

- Communicating with my subordinates about achievements, shift goals, priorities, protocols, and operational changes.

- Driving restaurant sales and service efficiency by resolving operational obstacles.

- Managing inventory and food safety protocols.

- Supervising Team Members to ensure excellent customer service.

- Ensuring compliance with all applicable health and safety codes.

(Ex. 1, Settlement Agreement, Ex. A ¶ 8.)

At all relevant times, Plaintiff directed the work of between three and eight subordinates, and he interviewed more than twenty potential hires, making recommendations regarding whether they should be hired. (Id. ¶ 18.)

Plaintiff was scheduled to work 45 hours per week and was provided at least 30 minutes for an uninterrupted meal break during each shift. Throughout his employment with Wonder, Plaintiff was paid on a salary basis at a level exceeding the applicable threshold, and his salary covered all hours worked—not just the first 40.

**Settlement Agreement**

On or around March 5, 2026, following extensive negotiations between counsel, the parties agreed to settle their dispute. In exchange for the dismissal of his arbitration and this matter, as well as his agreement to a general release, Wonder agreed to pay Plaintiff $10,000—

Case 1:25-cv-00087-JGK    Document 18    Filed 04/02/26    Page 3 of 5

Hon. John G. Koeltl
April 2, 2026
Page 3

$3,333.34 allocated to attorneys' fees and costs, with the remainder going to Plaintiff. (*See* Ex. 1.)

## Argument

Courts approve FLSA settlements if they are "fair and reasonable." *See, e.g., Suda v. Sushiden Corp.*, 2011 WL 1210206, at *1 (S.D.N.Y. Mar. 23 2011) (Koeltl, J.). "Courts recognize a 'strong presumption in favor of finding a settlement fair,' as they are 'not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Martinez v. Hilton Hotels Corp.*, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (quoting *Lliguichuzhca v. Cinema 60, LLC*, 2013 WL 2436526, at *2 (S.D.N.Y. June 5, 2013)). The Settlement is fair and reasonable for various reasons, and nothing militates against this "strong presumption."

*First*, the Settlement represents a windfall to Plaintiff. Plaintiff's FLSA (and related) claims are predicated on a finding that he was improperly classified as exempt from overtime. Yet there is no genuine dispute as to Plaintiff's exempt status—Plaintiff has sworn under oath that he was properly classified as exempt. And for good reason: Plaintiff's primary job duties involved management, including assigning tasks; evaluating, supervising, and training employees; interviewing and hiring prospective employees; and performing other duties recognized as managerial under the relevant regulations. *See* 29 C.F.R. § 541.102. At all relevant times, Plaintiff was also paid a salary above the qualifying levels under the FLSA and NYLL.

*Second*, even assuming arguendo that Plaintiff was misclassified, his damages would be minimal. Assuming he worked 2.5 hours of overtime per week, this would amount to approximately $3,520 in unpaid overtime. This is because Plaintiff's salary was intended to cover all hours worked—not just the first 40—and therefore he would be entitled only to half-time premiums. *See Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 320 (S.D.N.Y. 2021); *see also Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580–81 (1942).

*Third*, "[t]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Martinez*, 2013 WL 4427917, at *2 (quoting *Garcia v. Bae Cleaners, Inc.*, 2012 WL 1267844, at *1 (S.D.N.Y. Apr. 12, 2012)).

Counsel on both sides have extensive experience in this area of practice and worked with their respective clients to reach a fair and efficient resolution. Indeed, the parties respectfully submit that the settlement clearly "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

Here, the settlement was the result of repeated arm's-length negotiations between counsel well versed in the prosecution and defense of wage-and-hour collective actions, including meetings and phone calls between counsel and proceedings before an arbitrator. Courts routinely view the adversarial nature of a litigated FLSA action as a strong indicator of a settlement's fairness. *See, Aponte v. Comprehensive Health Management, Inc.*, 2013 WL 1364147 at *4 (S.D.N.Y. 2013).

Case 1:25-cv-00087-JGK    Document 18    Filed 04/02/26    Page 4 of 5

Hon. John G. Koeltl
April 2, 2026
Page 4

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added); N.Y. Lab. Law 198(1-a), 663(1). The FLSA and state wage and hour laws provide for fee-shifting to ensure that workers are not disadvantaged when they use the courts to recover unpaid wages guaranteed by statute. The fee-shifting provisions are intended to help overcome these hurdles and encourage competent counsel to take on representations and skillfully represent their clients. In this case plaintiff's counsel requests one-third pursuant to its retainer with the plaintiff. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *In Re: Lawrence*, 2014 WL 5430622 (NY October 28, 2014). In this case, plaintiff had joint counsel (two (2) firms) and the fees requested are less than what the firms would have billed hourly in its representation of plaintiff.

A substantial portion of co-counsel's practice is prosecuting wage and hour matters, including class and collective claims. *See, e.g., Rose v. Barteca Restuarants LLC, et al.*, 7:23-cv-07143 (S.D.N.Y.) (involving claims that several categories of employees were not paid minimum wage, overtime, uniform maintenance, forced to work off the clock, and the employer improperly applied the tip credit to employees' hourly rate); *Contreras v. Charles A. Walburg Multi-Service Org.*, 1:22-cv-09971 (S.D.N.Y.) (involving claims that a category of employees were paid straight time for their overtime hours worked and improperly paid on a bi-weekly basis); and, *Bloise v. Salcedo Cargo Express, Inc.*, 1:23-cv-07462 (S.D.N.Y) (involving claims where a category of employees were misclassified as exempt and paid less than minimum wage and no overtime). Plaintiff's counsel Joseph Jeziorkowski, Esq., and Peter Cooper, Esq., worked together on these and other similar cases.

*Finally*, the fact that the Settlement waives not only Plaintiff's FLSA claims but also includes a general release presents no obstacle to a finding of reasonableness. As explained above, the key issues are not genuinely contested because Plaintiff has agreed that he was properly classified as exempt from overtime. Furthermore, unrelated to this action, Plaintiff resigned his employment on March 21, 2026. In agreeing to a release of all claims, the parties wished to ensure that the parties were walking away from each other without the potential for further disputes. Accordingly, it is entirely reasonable for Plaintiff to provide a general release, particularly as his wage-and-hour claims have no substantive value. *See* ECF No. 27, *Ahwireng v. D.H.E. Company, Inc.*, 16-cv-8388 (JGK) (S.D.N.Y. June 20, 2017) (Koeltl, J.) (approving FLSA settlement containing a general release).

\*        \*        \*

For all the above reasons, the Parties submit that the Settlement is fair and reasonable. We thank the Court for its attention to this matter.

Respectfully submitted,

**FJLAW**

/s/ Joseph Jeziorkowski
_____
Joseph Jeziorkowski, Esq.

**SEYFARTH SHAW LLP**

/s/ Kyle D. Winnick
_____
Kyle D. Winnick, Esq.

Case 1:25-cv-00087-JGK    Document 18    Filed 04/02/26    Page 5 of 5

Hon. John G. Koeltl
April 2, 2026
Page 5

2975 Westchester Ave., Suite 418
Purchase, New York 10577
T: (914) 730-2422
E: joe@fjlglaw.com

**CILENTI & COOPER, PLLC**

/s/ Peter H. Cooper
Peter H. Cooper
Cilenti & Cooper, PLLC
60 East 42nd Street, 40th Floor
New York, NY 10165
T: (212) 209-3933:
E: pcooper@jcpclaw.com

*Attorneys for Plaintiff*

cc: All Counsel of Record (via ECF)

David S. Ostern, Esq.
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
T: (212) 218-5500
E: kwinnick@seyfarth.com
E: dostern@seyfarth.com

*Attorneys for Defendant*

**SO ORDERED**

_____
HON. JOHN G. KOELTL, USDJ

May 9, 2026

Dated: April __, 2026